UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY SNEED

VERSUS

FRANCIS ABBOT, ET AL.

CIVIL ACTION

NO. 21-279-JWD-RLB

### RULING AND ORDER

This matter comes before the Court on the *Motion to Stay Discovery and Reset Deadlines* ("*Motion to Stay*") (Doc. 11) filed by Defendant Francis Abbot ("Abbot"), Executive Director of the Louisiana Committee on Parole ("Committee"). The Committee also joined in this motion, but they were thereafter dismissed as a defendant by the filing of the *First Amended Complaint* ("*FAC*") (Doc. 12). The other defendants—Tony Marabella, Sheryl Ranatza, Jim Wise, Pearl Wise, and Alvin Roche, Jr., all of whom are alleged to be members of the Committee, (*Id.* ¶¶ 6–10)—do not join in this motion. Plaintiff Bobby Sneed ("Plaintiff") opposes the motion. (Doc. 14.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion to Stay* is granted in part and denied in part.

I. **Factual and Procedural Background**

This is a parole case. In short, Plaintiff alleges that he was granted parole after serving nearly half a century in prison, but, shortly before he was to be released, he had a medical emergency that caused him to collapse and be rushed to the hospital. (*FAC* ¶¶ 13–22, Doc. 12.) According to the *FAC*, defendants and others falsely claimed that this emergency was caused by Plaintiff's taking of illegal drugs, and defendants used this as an excuse to engage in further sham

parole proceedings that ultimately culminated in Plaintiff's parole being revoked or "rescinded." (*Id.* ¶¶ 18–44.)

Plaintiff originally filed suit alleging a violation of his right to procedural due process, a violation of state law by "rescinding" parole contrary to law, retaliation in violation of the First Amendment, and "vindictiveness." (*Compl.* ¶¶ 71–97, Doc. 1.) Plaintiff also filed a preliminary injunction seeking to "enjoin enforcement and implementation of Defendants' May 7, 2021 (or May 10, 2021) order stripping Mr. Sneed of parole, and enjoin the practices described" in the Plaintiff's *Complaint* and motion. (Doc. 4 at 1.)

Abbott and the Committee responded to the original complaint with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("*MTD I*"). (Doc. 10.) In it, they asserted, *inter alia*, the Committee's sovereign immunity. (*Id.*) Abbott and the Committee also filed the instant *Motion to Stay*. (Doc. 11.)

In response, Plaintiff filed the *FAC*. (Doc. 12.) Again, Plaintiff dropped the Committee as a Defendant, added the Committee members, and removed the state law claim. (*See FAC* ¶¶ 4–10, 76–98, Doc. 12.) Plaintiff also filed a second motion for preliminary injunction seeking the same relief. (Doc. 13.)

All defendants then moved to dismiss under Rule 12(b)(6) ("*MTD II*"). (Doc. 16.) Defendants urge (1) that all of Plaintiff's claims are barred by the *Heck* doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Plaintiff has no " 'constitutionally protected liberty interest' as to the Committee's discretionary decisions to grant or rescind parole"; and (3) for a number of reasons, Plaintiff has no retaliation or vindictiveness claim. (*MTD II* ¶¶ 2–5, Doc. 16.) Thus, neither sovereign nor qualified immunity has been asserted. (*See MTD II*, Doc. 16.) Plaintiff opposes the motion, (Doc. 18), and Defendants have filed a reply, (Doc. 20).

2

## II. Discussion

### A. Parties' Arguments

Abbott urges that he "should be shielded from any further discovery burdens until the issues of sovereign immunity, the *Heck* doctrine, and Plaintiff's failure to state a claim have been resolved." (Doc. 11-1 at 1.) Abbott cites Fifth Circuit precedent which purportedly recognizes an immune defendant's right to be free from discovery. (*Id.* at 2 (citation omitted).) Abbott further argues that the Court should wait until resolution of the pending motion to dismiss before any discovery takes place, as the granting of said motion could eliminate the need for discovery. (*Id.*)

Plaintiff responds that Abbott "seek[s] to be rewarded for past dilatory tactics with an order staying discovery." (Doc. 14 at 1.) Plaintiff tried to have a Rule 26 conference, and the Court ordered the parties to conduct this conference (*Id.* at 1–2 (citing Doc. 8).) Defendant canceled at the last minute, agreed to a make-up conference, failed to appear again, and then refused to respond to any telephone or email messages. (*Id.* at 2.) Turning to the merits, Plaintiff argues that parties must conduct a scheduling conference "as soon as practicable," and the pendency of a Rule 12 motion does not eliminate this requirement. (*Id.*) Plaintiff concludes:

> Defendants' actions have imposed a unilateral stay on this litigation and precluded Plaintiff from moving forward with discovery and the prosecution of this matter, stalling preliminary injunctive relief. Such behavior should not be rewarded.

(*Id.* at 3.)

### B. Applicable Law

"The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good

3

cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Id.* (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); 6 James W. Moore et al., *Moore's Federal Practice* § 26.105[3][c] (3d ed. 2010)). "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Martin v. Roy*, No. 20-339, 2021 WL 890582, at *2 (M.D. La. Mar. 9, 2021) (quoting *United States v. Garrett*, 571 F.2d 1323, n.3 (5th Cir. 1978)). The decision to stay discovery is within the sound discretion of the district court. *See Fujita*, 416 F. App'x at 402 (stating that district court's decision is reviewed for abuse of discretion).

Thus, for example, in *Petrus*, the Fifth Circuit held that "the district court properly deferred discovery while deciding whether the defendants were proper parties to the action." 833 F.2d at 583. The appellate court explained, "[n]othing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion." *Id.*

Likewise, in *Shugart v. Hoover*, No. 17-633, 2018 WL 4600308 (E.D. Tex. Jan. 26, 2018), the magistrate judge granted defendants' motions to stay discovery following a report and recommendation that found that "all of Plaintiff's claims are barred either by Eleventh Amendment or prosecutorial immunity, the statute of limitations, or Plaintiff's inability to prove his conviction has been overturned or reversed (*Heck* or *Peeler* doctrines)." *Id.* at *13. The magistrate judge explained:

> The Court grants [defendants' motions to abate discovery], and stays discovery pending the District Court's consideration of the instant report and recommendation. *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ( the court found discovery should be stayed where a review of the Rule 12(b)(6) motion showed that defendants had substantial arguments in favor of dismissal); *see also Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert.*

4

>   *denied*, 111 S. Ct. 244 (1990) (A stay of discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense."); *Nankivil v. Lockheed Martin Corporation*, 216 F.R.D. 689 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713, 2003 WL 22669331 (11th Cir. Oct. 23, 2003), *cert. denied*, 2004 WL 540542 (U.S. May 17, 2004) (citing cases) (good cause to stay discovery exists where "resolution of preliminary motion may dispose of entire action").

*Id.* The report and recommendation was ultimately adopted, and the case was dismissed. *Shugart*, No. 17-633, 2018 WL 2454676 (E.D. Tex. June 1, 2018).

Nevertheless, "while discovery may in a proper case be stayed pending the outcome of a motion to dismiss, 'the issuance of a stay is by no means automatic.' " *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (cited with approval by *Nankivil,* 216 F.R.D. at 692, and citing *In re WRT Energy Secs. Litig.*, No. 96 Civ. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct.9, 1996) (Keenan, J.); *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *In re Chase Manhattan Corp. Secs. Litig.*, No. 90 Civ. 6092, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (same)). "Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it." *Id.* (citing *Anti–Monopoly, Inc. v. Hasbro, Inc.*, No. 94-2120, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996)). "Finally, a court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Id.* (citing *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").

Thus, in *Spencer*, the Court stayed discovery. 206 F.R.D. at 368. While the Court could not "attempt to predict the outcome of the motion to dismiss," especially since no opposition had

5

been seen, "based on the papers submitted and upon oral argument from counsel, the Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit." *Id.* Further, though plaintiffs claimed that the discovery was not overly broad or substantially burdensome, the Court found "otherwise and believe[d] that the expense and possible injury to the success of defendants' current contractual negotiations are great." *Id.* The Court noted that one party wanted to depose the Deputy Postmaster General of the U.S. Postal Service, with whom defendant was in discussions concerning a new email venture, and that, according to the defendant, "the issuance of a subpoena at this stage in their 'delicate' negotiations could irreparably damage the success of the venture." *Id.* at 368 n.1. Additionally, "the Court intend[ed] to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Id.* at 368. The court explained, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Id.* (quoting *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb.27, 1997)). The court concluded that, "at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources." *Id.*

    **C. Analysis**

Having carefully considered the matter, the Court will grant the motion in part and deny it in part. Again, "the district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita*, 416 F. App'x at 402 (cleaned up). As the authority cited above in *Shugart* and *Spencer* recognize, the Court may stay discovery where a defendant has made "substantial arguments in favor of dismissal" and where resolution of a preliminary motion might resolve the case entirely. *See Shugart*, 2018 WL 4600308,

at \*13 (citations omitted); *Spencer*, 206 F.R.D. at 368. While the Court makes no ruling at this time on the *MTD II*, the Court does believe the motion raises strong arguments on *Heck* that appear to be a close call. Thus, most discovery in this case should be stayed pending the outcome of this ruling.

Further, again, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer*, 206 F.R.D. at 368 (citation omitted). Here, a short stay of discovery pending the resolution of the *MTD II*—which must already be done on an expedited basis given the pending motion for preliminary injunction—will not prejudice Plaintiff. Ultimately, if plaintiff cannot state a viable claim, the case will be dismissed; if the motion is denied, discovery for the preliminary injunction motion will be granted on an expedited basis.

However, the Court narrows its ruling in two respects. "Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it." *Spencer*, 206 F.R.D. at 368 (citation omitted). Here, Plaintiff seeks primarily a Rule 26(f) conference. (*See* Doc. 14.) As Plaintiff suggests, "[t]he obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment. Further, the rule simply provides:

> In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for

7

> submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

Fed. R. Civ. P. 26(f)(2). The Court finds that such a conference would be minimally burdensome. In fact, the Court already ordered the parties to do some of these things at the original status conference in this matter. (*See* Doc. 8 at 2.)

Likewise, Plaintiff's counsel represented at the June 3, 2021, status conference that Defense counsel had "pulled together the administrative record of the parole hearing." Defense counsel made no effort to correct this representation at the conference. Production of this administrative record would be minimally burdensome, narrow, and in no way prejudicial to Defendants. The Court finds that this record should be produced.

Defense counsel asserted that Defendants have raised "several immunity defenses" and that discovery would interfere with ongoing Committee business. As to the former, this is simply not true; sovereign immunity was withdrawn as a defense following the *FAC*, and Defendants have *not* asserted qualified immunity in their *MTD II* (indeed, the words "qualified immunity" appear nowhere in this pleading). Thus, Defendants are not entitled to a total stay at this time. *Cf. Martin v. Roy*, No. CV 20-339, 2021 WL 890582, at *2 (M.D. La. Mar. 9, 2021) (explaining that, while "[t]his Court, relying of Fifth Circuit precedent, routinely stays discovery pending resolution of motions to dismiss raising threshold issues, such as qualified immunity, . . . Defendants have not raised the issue of qualified immunity in the Motion to Dismiss[,]" but ultimately staying discovery in part because discovery was intertwined with the motion to dismiss pending before the district judge and because there was a risk of inconsistent rulings).[1]

---

[1] The Court notes that, if Defendants did assert qualified immunity, they may be entitled to a stay, *see Martin*, 2021 WL 890582, at *2 (citations omitted), though discovery is sometimes allowed under certain circumstances despite the assertion of qualified immunity, *see Zapata v. Melson*, 750 F.3d 481, 484–85 (5th Cir. 2014); *see also Tennart v. City of Baton Rouge*, No. 17-179, slip op. at 1–2 (M.D. La. Sept. 9, 2018), ECF No. 172 (deGravelles, J.). Of course, if

As to Defendants other argument (that discovery would interfere with Committee business), the Court finds that Defendant's position is vague and conclusory. "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *U.S. v. Garrett*, 571 F.2d 1323, n. 3 (5th Cir. 1978)). Here, Defendants fail to specifically identify how production of an administrative record that has already been compiled would satisfy their burden of showing "good cause" for a stay. Accordingly, the Court will permit this limited discovery.

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Stay Discovery and Reset Deadlines* ("*Motion to Stay*") (Doc. 11) filed by Defendant Francis Abbot ("Abbot"), Executive Director of the Louisiana Committee on Parole, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** in that Defendants are required by 12:00 p.m. on July 2, 2021, to engage in a Rule 26(f) conference and are required, by the same deadline, to produce the administrative record from Plaintiff's parole proceeding. In all other respects, the motion is **GRANTED**, and discovery is stayed pending the outcome of the Court's ruling on Defendants' *Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)* (Doc. 16).

Signed in Baton Rouge, Louisiana, on June 29, 2021.

                                    **JUDGE JOHN W. deGRAVELLES**
                                    **UNITED STATES DISTRICT COURT**
                                    **MIDDLE DISTRICT OF LOUISIANA**

---

Plaintiff brings claims against Defendants in their official capacities only, then Defendants cannot assert qualified immunity. *See Hall v. Louisiana*, 12 F. Supp. 3d 878, 886 (M.D. La. 2014) ("Sharper has alleged claims against Jindal and Caldwell in their official capacities *only*. Thus, the doctrine of qualified immunity is inapplicable."). The *FAC* is unclear as to which capacities Defendants are sued, and the Court need not resolve it at this time.